```
                                            FILED
                                 CLERK, U.S. DISTRICT COURT

                                    12/14/2023

                                 CENTRAL DISTRICT OF CALIFORNIA
                                 BY: _____ CDO _____ DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2023 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>            v.<br><br>NICHOLAS O'DONOVAN,<br>JULIAN DAVID UNRUH,<br>HAYKAZ FARKHOYAN,<br>   aka "Raf,"<br>MAURICIO ISRAEL TREJO, and<br>ALEN SOGOMONYAN,<br><br>            Defendants. | No.  2:23-cr-00628-DMG<br><br>I N D I C T M E N T<br><br>[21 U.S.C. § 846: Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine; 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii): Possession with Intent to Distribute and Distribution of Methamphetamine; 18 U.S.C. § 924(c)(1)(A)(i): Possessing a Firearm in Furtherance of a Drug Trafficking Crime; 18 U.S.C. § 922(g)(1): Felon in Possession of Firearms and Ammunition; 18 U.S.C. § 924, 21 U.S.C. § 853, and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. § 846]

[DEFENDANTS O'DONOVAN, UNRUH, FARKHOYAN, and TREJO]

A.    OBJECTS OF THE CONSPIRACY

Beginning on a date unknown, and continuing to on or about

May 11, 2022, in Los Angeles County, within the Central District of

1  California, and elsewhere, defendants NICHOLAS O'DONOVAN, JULIAN
2  DAVID UNRUH, HAYKAZ FARKHOYAN, also known as "Raf," and MAURICIO
3  ISRAEL TREJO conspired with each other and others known and unknown
4  to the Grand Jury to knowingly and intentionally distribute, and
5  possess with intent to distribute, at least 50 grams of
6  methamphetamine, a Schedule II controlled substance, in violation of
7  Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii).

8  B.   MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE
9       ACCOMPLISHED

10      The objects of the conspiracy were to be accomplished, in
11  substance, as follows:

12      1.   Defendant FARKHOYAN would agree to obtain samples of
13  methamphetamine for potential drug customers.

14      2.   At a business in Studio City, California (the "Studio City
15  Business"), defendants FARKHOYAN, O'DONOVAN, and UNRUH would meet
16  with drug customers, who would be provided with samples of
17  methamphetamine.

18      3.   Defendant FARKHOYAN and a co-conspirator ("Co-
19  Conspirator 1") would sell methamphetamine to drug customers at the
20  Studio City Business.

21      4.   Defendants O'DONOVAN and UNRUH would sell larger quantities
22  of methamphetamine to drug customers who had been introduced to them
23  by defendant FARKHOYAN.

24      5.   Defendant TREJO would transport defendant O'DONOVAN and
25  methamphetamine to locations where defendant O'DONOVAN had agreed to
26  sell methamphetamine, and defendant TREJO would assist in the
27  methamphetamine transactions.

28  //

C.   OVERT ACTS

In furtherance of the conspiracy and to accomplish its objects, on or about the following dates, defendants O'DONOVAN, UNRUH, FARKHOYAN, and TREJO, together with others known and unknown to the Grand Jury, committed various overt acts in Los Angeles County, within the Central District of California, and elsewhere, including, but not limited to, the following:

April 2021: Distribution of 0.62 Grams of Methamphetamine

Overt Act No. 1:   On April 15, 2021, in a telephone conversation using coded language, defendant FARKHOYAN informed an individual who he believed was a drug customer but who was, in fact, a confidential informant working with law enforcement (the "CI"), that defendant FARKHOYAN had requested methamphetamine ("glass") from a supplier and stated that the price per pound was $1,200 or $1,300.

Overt Act No. 2:   On April 19, 2021, in a telephone conversation using coded language, defendant FARKHOYAN confirmed to the CI that he would have a sample of methamphetamine for the CI to take.

Overt Act No. 3:   On April 19, 2021, at the Studio City Business, defendant FARKHOYAN provided the CI with approximately 0.62 grams of methamphetamine.

April 2021: Distribution of 10 Grams of Methamphetamine

Overt Act No. 4:   On April 27, 2021, in a telephone conversation using coded language, defendant FARKHOYAN offered to provide the CI with a sample of methamphetamine after the CI stated that he needed 15 pounds of methamphetamine.

Overt Act No. 5:   On April 29, 2021, at the Studio City Business, defendant O'DONOVAN provided the CI with a sample of

3

1    approximately 10 grams of methamphetamine, and defendant UNRUH

2    discussed the weight of the sample with the CI.

3        May/June 2021: Distribution of 563 Grams of Methamphetamine

4        Overt Act No. 6:    On May 26, 2021, in a telephone conversation

5    using coded language, defendant FARKHOYAN agreed to find out if

6    defendant O'DONOVAN could supply the CI with two pounds of

7    methamphetamine.

8        Overt Act No. 7:    On June 3, 2021, in a telephone conversation

9    using coded language, defendant FARKHOYAN agreed to inform the CI of

10   the price of methamphetamine offered for sale to the CI.

11       Overt Act No. 8:    On June 4, 2021, in a telephone conversation

12   using coded language, defendant FARKHOYAN discussed with the CI the

13   price of methamphetamine.

14       Overt Act No. 9:    On June 18, 2021, during a meeting at the

15   Studio City Business using coded language, defendant FARKHOYAN

16   confirmed that, if the CI liked the two pounds of methamphetamine

17   that were being delivered to the CI, the CI could buy 10 pounds of

18   methamphetamine.

19       Overt Act No. 10:    On June 18, 2021, at the Studio City

20   Business, defendant FARKHOYAN and Co-Conspirator 1 provided

21   approximately 563 grams of methamphetamine to the CI in exchange for

22   $1,800.

23       August 2021: Distribution of 1.712 Kilograms of Methamphetamine

24       Overt Act No. 11:    On August 3, 2021, in a telephone

25   conversation using coded language, defendant UNRUH answered defendant

26   O'DONOVAN's telephone and explained to the CI that he was taking

27   defendant O'DONOVAN's calls.

28

                                      4

1    Overt Act No. 12:   On August 3, 2021, during the same telephone

2  conversation as discussed in Overt Act No. 11, defendant UNRUH

3  explained that he and defendant O'DONOVAN worked with the same drug

4  supplier, and asked the CI whether the CI wanted to purchase 10 or

5  20 pounds of methamphetamine.

6    Overt Act No. 13:   On August 3, 2021, in a telephone

7  conversation using coded language, after defendant O'DONOVAN

8  apologized for missing the CI's earlier call, defendant O'DONOVAN

9  indicated that it was "no problem" for defendant O'DONOVAN to supply

10  the CI with 30 or 40 pounds of methamphetamine.

11    Overt Act No. 14:   On August 5, 2021, in a telephone

12  conversation using coded language, defendant O'DONOVAN informed the

13  CI that they would have to conduct the methamphetamine transaction at

14  the Orsini Apartments located near Sunset Boulevard and Figueroa

15  Street in Los Angeles, California.

16    Overt Act No. 15:   On August 5, 2021, near the Orsini

17  Apartments, defendant O'DONOVAN delivered approximately

18  1.712 kilograms of methamphetamine to the CI in exchange for $5,000.

19    August 2021: Distribution of 2.130 Kilograms of Methamphetamine

20    Overt Act No. 16:   On August 10, 2021, in a telephone

21  conversation using coded language, defendant UNRUH told the CI that

22  defendant UNRUH would find the "cheapest" price at which he could

23  obtain methamphetamine to sell to the CI.

24    Overt Act No. 17:   On August 12, 2021, in a telephone

25  conversation using coded language, defendant UNRUH told the CI that

26  he could not find a lower price for methamphetamine than $1,150 per

27  pound.

28

1    Overt Act No. 18:   On August 25, 2021, in a telephone

2 conversation using coded language, defendant UNRUH agreed to sell

3 five pounds of methamphetamine to the CI for $1,250 per pound on the

4 following day.

5    Overt Act No. 19:   On August 26, 2021, in a telephone

6 conversation using coded language, defendant UNRUH told the CI that

7 he was going to pick up methamphetamine from a supplier and deliver

8 it to the CI.

9    Overt Act No. 20:   On August 26, 2021, at a parking lot on

10 Sunset Boulevard, in Los Angeles, California, defendant UNRUH

11 delivered approximately 2.130 kilograms of methamphetamine to the CI

12 and, in exchange, the CI provided defendant UNRUH with $6,250.

13    Overt Act No. 21:   On August 26, 2021, using coded language,

14 defendant UNRUH indicated that he thought the price per pound of

15 methamphetamine would change if the CI bought 30 or 40 pounds of

16 methamphetamine.

17    Overt Act No. 22:   On August 26, 2021, using coded language,

18 defendant UNRUH told the CI that defendant UNRUH worked with

19 defendant O'DONOVAN in trafficking drugs.

20   May 2022: Possession with Intent to Distribute 39.3 Kilograms of

21                         Methamphetamine

22    Overt Act No. 23:   On May 4, 2022, in a telephone conversation

23 using coded language, defendant O'DONOVAN agreed to sell the CI

24 20 pounds of methamphetamine for $21,000.

25    Overt Act No. 24:   On May 10, 2022, in a telephone conversation

26 using coded language, defendant O'DONOVAN agreed to organize the sale

27 of 90 pounds of methamphetamine to the CI.

28 //

Overt Act No. 25:   On May 11, 2022, in an electronic communication using coded language, defendant O'DONOVAN told the CI to send him an address for the delivery of methamphetamine to the CI.

Overt Act No. 26:   On May 11, 2022, after the CI sent defendant O'DONOVAN the address of a parking lot located on Sunset Boulevard in Los Angeles, California, defendant TREJO drove a Nissan Altima that contained defendant O'DONOVAN and approximately 39.3 kilograms of methamphetamine to the parking lot located on Sunset Boulevard.

Overt Act No. 27:   On May 11, 2022, at a parking lot on Sunset Boulevard in Los Angeles, California, defendant O'DONOVAN walked the CI to the Nissan Altima, which contained defendant TREJO and approximately 39.3 kilograms of methamphetamine.

Overt Act No. 28:   On May 11, 2022, at a parking lot on Sunset Boulevard in Los Angeles, California, defendant TREJO showed the CI a plastic Ziploc bag containing methamphetamine located inside the Nissan Altima.

Overt Act No. 29:   On May 11, 2022, at a parking lot on Sunset Boulevard in Los Angeles, California, defendants O'DONOVAN and TREJO possessed approximately 39.3 kilograms of methamphetamine inside the Nissan Altima.

Overt Act No. 30:   On May 11, 2022, at a parking lot on Sunset Boulevard in Los Angeles, California, in a bag on the front passenger floorboard of the Nissan Altima, defendant O'DONOVAN possessed a loaded Glock pistol.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

[DEFENDANT FARKHOYAN]

On or about June 18, 2021, in Los Angeles County, within the Central District of California, defendant HAYKAZ FARKHOYAN, also known as "Raf," knowingly and intentionally distributed at least 50 grams, that is, approximately 563 grams, of methamphetamine, a Schedule II controlled substance.

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

[DEFENDANT O'DONOVAN]

On or about August 5, 2021, in Los Angeles County, within the Central District of California, defendant NICHOLAS O'DONOVAN knowingly and intentionally distributed at least 50 grams, that is, approximately 1.712 kilograms, of methamphetamine, a Schedule II controlled substance.

COUNT FOUR

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

[DEFENDANT UNRUH]

On or about August 26, 2021, in Los Angeles County, within the Central District of California, defendant JULIAN DAVID UNRUH knowingly and intentionally distributed at least 50 grams, that is, approximately 2.130 kilograms, of methamphetamine, a Schedule II controlled substance.

COUNT FIVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

[DEFENDANTS O'DONOVAN and TREJO]

On or about May 11, 2022, in Los Angeles County, within the Central District of California, defendants NICHOLAS O'DONOVAN and MAURICIO ISRAEL TREJO, each aiding and abetting the other, knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 39.3 kilograms, of methamphetamine, a Schedule II controlled substance.

COUNT SIX

[18 U.S.C. § 924(c)(1)(A)(i)]

[DEFENDANT O'DONOVAN]

On or about May 11, 2022, in Los Angeles County, within the Central District of California, defendant NICHOLAS O'DONOVAN knowingly possessed a firearm, namely, a Glock 23, .40 caliber pistol, bearing serial number KCE785, in furtherance of drug trafficking crimes, namely, Conspiracy to Distribute and to Possess with Intent to Distribute Methamphetamine, in violation of Title 21, United States Code, Section 846, as charged in Count One of this Indictment, and Possession with Intent to Distribute Methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii), as charged in Count Five of this Indictment.

COUNT SEVEN

[18 U.S.C. § 922(g)(1)]

[DEFENDANT FARKHOYAN]

On or about April 19, 2021, in Los Angeles County, within the Central District of California, defendant HAYKAZ FARKHOYAN, also known as "Raf," knowingly possessed the following firearms and ammunition, in and affecting interstate and foreign commerce:

(1)  an Akkar model Churchill 612, 12 gauge shotgun, bearing serial number 20038085;

(2)  a Francolin Arms model Citadel Warthog, 12 gauge shotgun, bearing serial number 20-53566; and

(3)  50 rounds of Winchester 12 gauge ammunition.

Defendant FARKHOYAN possessed such firearms and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year: three convictions for Perjury, in violation of California Penal Code Section 118(a), in the Superior Court for the State of California, County of Los Angeles, case number BA284546, on or about September 29, 2005.

COUNT EIGHT

[18 U.S.C. § 922(g)(1)]

[DEFENDANT O'DONOVAN]

On or about April 29, 2021, in Los Angeles County, within the Central District of California, defendant NICHOLAS O'DONOVAN knowingly possessed a firearm, namely, a PTR Industries, model PTR 9, 9mm caliber pistol, bearing serial number 9MC007745, in and affecting interstate and foreign commerce.

Defendant O'DONOVAN possessed such firearm knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

(1)  Possession of Methamphetamine, in violation of California Health and Safety Code Section 11377(a), in the Superior Court of the State of California, County of Los Angeles, case number LA024773, on or about June 27, 1997;

(2)  Possession of Forged Driver's License, in violation of California Penal Code Section 470B, in the Superior Court of the State of California, County of Los Angeles, case number LA025158, on or about June 27, 1997;

(3)  Possession of Cocaine, in violation of California Health and Safety Code Section 11350(a), in the Superior Court of the State of California, County of Los Angeles, case number LA025158, on or about June 27, 1997; and

(4)  Possession of Controlled Substance for Sale, in violation of California Health and Safety Code Section 11378, in the Superior Court of the State of California, County of Los Angeles, case number SA072876, on or about January 6, 2010.

14

1

COUNT NINE

2

[18 U.S.C. § 922(g)(1)]

3

[DEFENDANT SOGOMONYAN]

4       On or about June 18, 2021, in Los Angeles County, within the

5  Central District of California, defendant ALEN SOGOMONYAN knowingly

6  possessed a firearm, namely, a Walther model IWI Uzi, .22 caliber

7  rifle, bearing serial number W1020070, in and affecting interstate

8  and foreign commerce.

9       Defendant SOGOMONYAN possessed such firearm knowing that he had

10  previously been convicted of at least one of the following felony

11  crimes, each punishable by a term of imprisonment exceeding one year:

12      (1)  Extortion, in violation of California Penal Code

13  Section 520, in the Superior Court of the State of California, County

14  of Los Angeles, case number GA050821, on or about September 8, 2003;

15      (2)  Threat to Commit a Crime with the Intent that the Statement

16  Is to Be Taken as a Threat, in violation of California Penal Code

17  Section 422, in the Superior Court of the State of California, County

18  of Los Angeles, case number GA050821, on or about September 8, 2003;

19      (3)  Making, Passing, Uttering, or Publishing a Fictitious or

20  Altered Bill, Note, or Check, in violation of California Penal Code

21  Section 476, in the Superior Court of the State of California, County

22  of Los Angeles, case number GA050821, on or about September 8, 2003;

23      (4)  Conspiracy to Commit a Crime, in violation of California

24  Penal Code Section 182(a)(1), in the Superior Court of the State of

25  California, County of Los Angeles, case number GA050821, on or about

26  September 8, 2003;

27      (5)  Possession of Controlled Substance, in violation of

28  California Health and Safety Code Section 11350(a), in the Superior

15

Court of the State of California, County of Los Angeles, case number GA078262, on or about April 22, 2013;

    (6)   Three convictions for Possession of Access Card Account Information Without Consent, in violation of California Penal Code Section 484e(d), in the Superior Court of the State of California, County of Los Angeles, case number GA078262, on or about April 22, 2013; and

    (7)   Possession of Personal Identifying Information of 10 or More Persons with Intent to Defraud, in violation of California Penal Code Section 530.5(c)(3), in the Superior Court of the State of California, County of Los Angeles, case number GA096877, on or about August 25, 2016.

COUNT TEN

[18 U.S.C. § 922(g)(1)]

[DEFENDANT O'DONOVAN]

On or about May 11, 2022, in Los Angeles County, within the Central District of California, defendant NICHOLAS O'DONOVAN knowingly possessed the following firearm and ammunition, in and affecting interstate and foreign commerce:

(1) a Glock 23, .40 caliber pistol, bearing serial number KCE785;

(2) eleven rounds of Remington .40 Smith & Wesson caliber ammunition; and

(3) one round of Fiocchi .40 Smith & Wesson caliber ammunition.

Defendant O'DONOVAN possessed such firearm and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

(1) Possession of Methamphetamine, in violation of California Health and Safety Code Section 11377(a), in the Superior Court of the State of California, County of Los Angeles, case number LA024773, on or about June 27, 1997;

(2) Possession of Forged Driver's License, in violation of California Penal Code Section 470B, in the Superior Court of the State of California, County of Los Angeles, case number LA025158, on or about June 27, 1997;

(3) Possession of Cocaine, in violation of California Health and Safety Code Section 11350(a), in the Superior Court of the State of California, County of Los Angeles, case number LA025158, on or about June 27, 1997; and

17

(4)   Possession of Controlled Substance for Sale, in violation of California Health and Safety Code Section 11378, in the Superior Court of the State of California, County of Los Angeles, case number SA072876, on or about January 6, 2010.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1.   Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in Counts One through Five of this Indictment.

2.   Any defendant so convicted shall forfeit to the United States of America the following:

(a)   All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b)   All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

(c)   All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(d)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.   Pursuant to Title 21, United States Code, Section 853(p), any defendant so convicted, shall forfeit substitute property if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold

to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

1
FORFEITURE ALLEGATION TWO

2
[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

3      1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal

4  Procedure, notice is hereby given that the United States of America

5  will seek forfeiture as part of any sentence, pursuant to Title 18,

6  United States Code, Section 924(d)(1), and Title 28, United States

7  Code, Section 2461(c), in the event of any defendant's conviction of

8  the offenses set forth in any of Counts Six through Ten of this

9  Indictment.

10      2.   Any defendant so convicted shall forfeit to the United

11  States of America the following:

12          (a)   All right, title, and interest in any firearm or

13  ammunition involved in or used in any such offense; and

14          (b)   To the extent such property is not available for

15  forfeiture, a sum of money equal to the total value of the property

16  described in subparagraph (a).

17      3.   Pursuant to Title 21, United States Code, Section 853(p),

18  as incorporated by Title 28, United States Code, Section 2461(c), the

19  convicted defendant shall forfeit substitute property, up to the

20  value of the property described in the preceding paragraph if, as the

21  result of any act or omission of said defendant, the property

22  described in the preceding paragraph or any portion thereof (a)

23  cannot be located upon the exercise of due diligence; (b) has been

24  transferred, sold to, or deposited with a third party; (c) has been

25  placed beyond the jurisdiction of the court; (d) has been

26  //

27  //

28  //

1  substantially diminished in value; or (e) has been commingled with

2  other property that cannot be divided without difficulty.

3

4                                        A TRUE BILL

5

6                                        _____/s/_____
                                         Foreperson

7

8  E. MARTIN ESTRADA
   United States Attorney

9

10

11 MACK E. JENKINS
   Assistant United States Attorney

12 Chief, Criminal Division

13 J. MARK CHILDS
   Assistant United States Attorney

14 Chief, International Narcotics,
   Money Laundering, and Racketeering

15 Section

16 BENEDETTO L. BALDING
   Assistant United States Attorney

17 Deputy Chief, International
   Narcotics, Money Laundering, and

18 Racketeering Section

19 SKYLER F. CHO
   Assistant United States Attorney

20 International Narcotics, Money
   Laundering, and Racketeering

21 Section

22

23

24

25

26

27

28